IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT HENRY,

                      Plaintiff,

  v.

EDWARD DECKER,

                      Defendant.

OPINION and ORDER

23-cv-613-jdp

---

Plaintiff Robert Henry, proceeding without counsel, brings this lawsuit regarding his employment at Home Depot against Edward Decker, the chief operating officer of that company.

Although Henry has paid the entire filing fee, this court retains the inherent authority to screen all complaints to ensure that they state a claim for which relief may be afforded and are not frivolous and merely harassing. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Decker has filed three complaints. Dkt. 1; Dkt. 4; Dkt. 7. I will consider his second amended complaint, Dkt. 7, to be the operative pleading. When screening an unrepresented litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

I conclude that Henry's complaint fails to state a claim for relief. But I will give Henry a chance to file an amended complaint better explaining his claims.

ALLEGATIONS OF FACT

According to his second amended complaint, in November 2021 Henry applied to work at a Home Depot location in Wausau. Human resources staff asked him to provide his social

security number on his I-9 employment verification form even though the form stated that providing a social security number was voluntary. Henry felt compelled to provide it; he and human resources agreed that they wouldn't ask him for it again because the use of his social security number violates his religious beliefs.

After receiving a paycheck, Henry saw that Home Depot withheld funds for federal and state taxes and social security even though "no contractual agreement was consented upon." Dkt. 7, at 3. Staff later told Henry that "something was wrong" with his I-9 and that someone had incorrectly provided Henry's passport number to a third-party payroll company instead of his social security number. I take Henry to be saying that he was requested to provide his social security number, but he refused.

Henry was terminated from Home Depot in April 2022, at least in part because human resources falsely stated that Henry admitted to misrepresenting his passport number as his social security number in the payroll system. Henry sent defendant Decker a "letter of agreement to accommodate [his] faiths and beliefs and come to an amicable settlement," *Id.* at 4, but Decker did not respond.

ANALYSIS

Henry's complaint doesn't state a claim for relief directly against defendant Decker. A problem with Henry's complaint is that he sues Decker, the Home Depot chief operating officer, not one of the human resources employees who Decker thinks mishandled his social security number or otherwise harmed him. Henry doesn't explain how he thinks Decker should be liable for these misdeeds other than that he has apparently written to Decker to inform him that they occurred. Henry sues Decker for "breach of an agreement," *Id.* at 7, but Henry appears

to be referring to a "letter of agreement" that he says he sent Decker, a document that there is no indication Decker actually agreed to. So Henry fails to state any claim for breach of contract. Henry also suggests that staff violated federal criminal law by disclosing his social security number, but a violation of criminal law does not create a civil claim for damages.

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees and job applicants based on their religion. 42 U.S.C. § 2000e-2(a). Perhaps Henry means to say that Home Depot—with Decker being sued in his official capacity—discriminated against his religious beliefs by disclosing his social security number against his wishes or by terminating him. But it is not clear from his allegations that he states a Title VII claim against Home Depot. Courts have held that because the Internal Revenue Code requires employers to collect and provide the social security numbers of their employees, employers do not violate Title VII by requiring employees' social security numbers even over their religious objections. *Yeager v. FirstEnergy Generation Corp.*, 777 F.3d 362, 363–64 (6th Cir. 2015) ("collection of [plaintiff's] social security number is a 'requirement imposed by law' and therefore not an 'employment requirement.'"); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999) ("courts agree that an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law.").

So as currently written, Henry's complaint does not state a claim for which the court could grant relief. But because he appears without counsel, I will not dismiss the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("when a plaintiff—especially [an unrepresented] plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). It's possible that Henry could provide more detail that would

3

explain why he thinks that his rights were violated, so I will give him a chance to file an amended complaint. In drafting his amended complaint, Henry should remember to state his allegations as if he were telling a story to someone who knows nothing about the events. In particular, he should name as defendants the persons or entities that he believes violated his rights, and he should explain specifically what they did to harm him.

If Henry fails to respond to this order, I will dismiss the case for his failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff's second amended complaint, Dkt. 7, is DISMISSED.

2. Plaintiff may have until September 3, 2024, to submit an amended complaint.

Entered August 12, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge